UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-10208-GAO

| | |
|---|---|
| **JEFFREY SOLOMON,**<br>  <u>Plaintiff</u><br><br>**v.**<br><br>**ANNIE DOOKHAN, DONALD KEENAN, KATE CORBETT, JUDY ANN BIGBY, JOHN AUERBACH, JULIE NASSIF, LINDA HAN, CHARLES SALEMI, ELIZABETH O'BRIEN, DANIEL CONLEY, and SUFFOLK DISTRICT ATTORNEY'S OFFICE,**<br>  <u>Defendants</u> | |

**DEFENDANT DONALD KEENAN'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**INTRODUCTION**

  Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Donald Keenan ("Defendant" or "Sgt. Det. Keenan") respectfully requests that this Honorable Court dismiss Plaintiff Jeffrey Solomon's ("Plaintiff") Amended Complaint for failure to state a claim for which relief may be granted. Sgt. Det. Keenan seeks dismissal of the following claims asserted against him: Count I – § 1983 liability for malicious prosecution in violation of the Fourth Amendment; Count IV – § 1983 liability for violation of Plaintiff's rights secured under the Fourteenth Amendment; and Count VII – § 1983 violation of M.G.L. c. 12, §11(I), the Massachusetts Civil Rights Act ("MCRA"). As grounds for this Motion, Sgt. Det. Keenan states that Plaintiff has failed to plead sufficient facts to support an actionable claim and, as such, all claims should be dismissed with prejudice. Furthermore, all claims against Sgt. Det. Keenan should be dismissed as he is entitled to qualified immunity.

1

**FACTS AND PROCEDURAL HISTORY[1]**

On December 12, 2010, Sgt. Det. Keenan, of the Boston Police Department Drug Control Unit ("DCU"), purchased drugs from Plaintiff while undercover. *See Amended Complaint*, at ¶ 12 (hereinafter, "*AC*, at ¶ __."). After Plaintiff's arrest as a result of the buy, Sgt. Det. Keenan conducted a preliminary field test using a "Narc Swipe" on the recovered substance to determine whether it was cocaine. *AC*, at ¶ 13. The Narc Swipe of the substance failed to change color, meaning that according to the preliminary field test, the substance was counterfeit and not cocaine. *Id*. Sgt. Det. Keenan then discarded the Narc Swipe and the substance that was used as part of the field test. *Id*. at ¶ 14. The remainder of the substance was forwarded to the State Department of Public Health, Hinton Laboratory for further testing. *Id*. Based on the results of the field test, Sgt. Det. Keenan charged Plaintiff with distribution of a counterfeit substance. *Id*. at ¶ 13.

On April 13, 2011, Attorney Sanders of the Committee for Public Counsel Services and Assistant District Attorney Mingo of the Suffolk County District Attorney's Office met with Sgt. Det. Keenan to inspect evidence. *AC*, at ¶ 23. At the meeting, Sgt. Det. Keenan showed Attorney Sanders the substances that were recovered, which did not show any blue coloring. *Id*. at ¶ 24. Sgt. Det. Keenan then told Attorney Sanders that as part of his field tests, it was his regular practice to discard tested substances on the ground, which is likely what happened to the substance recovered from the Plaintiff that he tested with the Narc Swipe. *Id*. at ¶ 26.

On July 1, 2011, a Suffolk County grand jury was convened at which Sgt. Det. Keenan testified. *AC*, at ¶ 28. Sgt. Det. Keenan testified that "although preliminary field testing showed

---

[1] Sgt. Det. Keenan accepts the facts pled in the Amended Complaint as true only for the limited purposes of this Motion.

no color change consistent with cocaine, he later viewed the substance at an undisclosed date and observed a color change consistent with the presence of cocaine in the alleged substance." *Id*. at ¶ 29. Sgt. Det. Keenan also introduced into evidence to certificates signed by Annie Dookhan and Kate Corbett, which certified that the substances were cocaine. *Id*. at ¶¶ 22, 30. The grand jury ultimately issued an indictment for possession with intent to distribute a class B substance in a school zone and distribution of a class B substance in a school zone. *Id*. at ¶ 31.

On September 27, 2012, the Crime Laboratory of the State Police Department retested the substances recovered from the Plaintiff during the undercover buy and found that the substances were indeed counterfeit and not cocaine. *AC*, at ¶ 36. Shortly thereafter, on October 5, 2012, the Commonwealth filed a *nolle prosequi* in its case against the Plaintiff thereby dismissing the charges. *Id*. at ¶ 38.

On February 4, 2013, Plaintiff commenced suit in United States District Court for the District of Massachusetts. On March 28, 2013, Plaintiff filed an Amended Complaint against Annie Dookhan, Donald Keenan, Kate Corbett, Judy Ann Bigby, John Auerbach, Julie Nassif, Linda Han, Charles Salemi, Elizabeth O'Brien, Daniel Conley, and Suffolk County District Attorney's Office. Plaintiff's claims against the Defendants were brought pursuant to § 1983 and M.G.L. c. 12 § 11(I) for violation of his constitutional rights and for conspiracy to violate his constitutional rights.

### STANDARD OF LAW

A complaint or count therein must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) where it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts

as they appear, granting every reasonable inference in the plaintiff's favor. *Cooperman v. Individual, Inc.*, 171 F.3d 43, 46 (1st Cir. 1999). However, this tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Mere recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545 (citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" *Id.* (internal citation omitted). "Despite the highly deferential reading which we accord a litigant's complaint under Rule 12(b)(6), we need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." *Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 52 (1st Cir. 1990). Within this analytical framework, all of Plaintiff's claims against Sgt. Det. Keenan must be dismissed because Plaintiff failed to plead sufficient facts to support actionable claims.

## ARGUMENT

### I.  Plaintiff failed to plead sufficient facts to demonstrate a Fourteenth Amendment violation in Count IV.

Plaintiff's § 1983 claim in Count IV of the Amended Complaint related to his allegations that Sgt. Det. Keenan destroyed exculpatory evidence must be dismissed as Plaintiff has failed to

plead a due process violation. Specifically, Plaintiff claims that Sgt. Det. Keenan destroyed the "Narc Swipe" and the substance that was field tested.

Under the Fourteenth Amendment's grant of procedural due process, law enforcement officers have a duty to turn over material evidence to the prosecutor if the evidence is favorable to the defendant. *Drumgold v. Callahan*, 707 F.3d 28 (1st Cir. 2013). Favorable evidence for a defendant is either exculpatory or impeaching in nature. *Id.* (*citing United States v. Bagley*, 473 U.S. 667, 676 (1985)). Evidence is material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Bagley*, 473 U.S. at 682. Furthermore, it is essential that the "favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *United States v. Aviles-Colon*, 536 F.3d 1, 19 (1st Cir. 2008) (*citing Strickler v. Greene*, 527 U.S. 263, 290 (1999)) (internal quotation marks omitted). Notably, the "touchstone of materiality is a 'reasonable probability' of different result [at trial]." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995) (*quoting Bagley*, 473 U.S. at 678). A violation of this obligation by a law enforcement officer is a due process violation of the Fourteenth Amendment. *See Maryland v. Brady*, 373 U.S. 83 (1963).

For deliberate *Brady* violations, plaintiffs may also assert substantive due process claims. *Maher v. Town of Ayer*, 463 F.Supp.2d 117 (D.Mass. 2009) (*citing Reid v. New Hampshire*, 56 F.3d 332, 341-342 (1st Cir.1995); *Charles v. City of Boston*, 365 F.Supp.2d 82, 88-89 (D.Mass.2005). "[A] claim is cognizable as a violation of substantive due process 'only when it is so extreme and egregious as to shock the contemporary conscience.' " *McConkie v. Nichols*, 446 F.3d 258, 260 (1st Cir. 2006), (*quoting DePoutot v. Raffaelly*, 424 F.3d 112, 118 (1st Cir. 2005)). "To be actionable under the Due Process Clause, misconduct by state actors must exceed

a high threshold of allowance for human shortcomings in managing the intricate processes of government." *Maher*, 463 F.Supp.2d at 121 (D.Mass. 2006). In order to assert a substantive due process claim for a *Brady* violation, it logically follows that there must be an underlying *Brady* violation as outlined in the preceding paragraph.

Plaintiff was not prejudiced by Sgt. Det. Keenan's alleged destruction of exculpatory evidence as is required for a true *Brady* violation. Specifically, Plaintiff was never tried for the charges that arose out of his arrest and subsequent indictment. Rather, the prosecution sought a *nolle prosequi* from the court and the charges were ultimately dismissed. As the Plaintiff was never criminally convicted, he "did not suffer any harm as a direct result of the defendant['s] alleged behavior."[2] *Faust v. Coakley*, 2008 WL 190769, *4 (D. Mass. 2008) Accordingly, he "cannot assert a § 1983 claim based upon an alleged *Brady* violation[]" and Count I of the Amended Complaint must be dismissed. *Id*. [3]

---

[2] Plaintiff also did not suffer any harm while being held as a result of the initial charge for distribution of a counterfeit substance which arose out the lawful arrest. Once Plaintiff was arrested and charged with distribution of a counterfeit substance he was also held on an outstanding warrant for drug-related charges in Cambridge. (The information about Plaintiff's Cambridge charges can be found in his criminal docket. As the criminal docket is a matter outside of the Amended Complaint, Sgt. Det. Keenan asks that the Court take judicial notice of Boston Municipal Court criminal docket 1001CR9024 attached hereto as Exhibit A. *See Martin v. Mead Johnson Nutrition Co.*, 2010 WL 3928710, *2 (D.Mass. 2010) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand."). *See also E.I. Du Pont de Nemours & Co., Inc. v. Cullen*, 791 F.2d 5, 7 (1st Cir. 1986) (taking judicial notice of complaint in state court action). As such, if Plaintiff was going to be released in relation to the initial charges, he would still have been held on the Cambridge charges.

[3] Plaintiff references the Fifth Amendment in the introductory paragraph of his Amended Complaint. With respect to the Fifth Amendment, Plaintiff fails to articulate the nature of the alleged violation. The Fifth Amendment, made applicable to state actors by means of the Fourteenth Amendment, provides that no person "shall be compelled in a criminal case to be a witness against himself." *See Chavez v. Martinez*, 538 U.S. 760, 780 n. 1 (2003); U.S. Const. amend. V. A Fifth Amendment violation occurs when coerced statements are introduced at trial. *United States v. Verdugo-Urquidez*, 494 U.S. 259, 264 (1990). The facts as alleged do not

## II. All of Plaintiff's claims must be dismissed because Sgt. Det. Keenan is immune from perjury claims.

All counts in as much as they relate to perjury must be dismissed as Sgt. Det. Keenan is immune against claims of perjured testimony at trial or before a grand jury. *Briscoe v. LaHue*, 460 U.S. 325, 326 (1983). *See Williams v. City of Boston*, 771 F.Supp.2d 190, 203 (D.Mass. 2011); *Almedia v. Fall River Police Station*, 2012 WL 3548063, *5 (D.Mass. 2012). Police officers enjoy absolute immunity from claims of perjured testimony. *Id*. As such, Sgt. Det. Keenan cannot be held liable under § 1983 for Plaintiff's claims that he committed perjury while testifying in front of the grand jury.

## III. Plaintiff's MCRA claim in Count VIII of the Amended Complaint must be dismissed because Plaintiff failed to plead sufficient facts to support such a claim.

Plaintiff's claim in Count VIII of the Amended Complaint that Sgt. Det. Keenan violated the Massachusetts Civil Rights Act must be dismissed because Plaintiff does not plead sufficient facts to support such a claim.

A plaintiff states a claim under the Massachusetts Civil Rights Act, M.G.L. c.12, §11I upon showing: (1) threats, intimidation or coercion that (2) lead to violation of a federal or Commonwealth constitutional right. Like §1983, MCRA requires an actual deprivation of constitutional rights. *Turkowitz v. Town of Provincetown*, --- F. Supp. 2d ---- , 2012 WL

---

support a Fifth Amendment violation in that sense. If the Plaintiff intended to assert a Fifth Amendment due process violation, that claim is also barred as due process clause of the Fifth Amendment only applies to actions of the federal government and not those of private individuals or states. *Public Utilities Commission v. Pollak*, 343 U.S. 451, 461 (1952). Sgt. Det. Keenan is not a federal actor and, as such, he cannot be held liable under §1983 for Fifth Amendment due process violations. *Id*. Regardless of the nature of Plaintiff's assertion that his Fifth Amendment rights were violated, he has failed to state a claim for which relief may be granted and dismissal is appropriate.

5354545, 10 (D. Mass. 2012); *Therrien v. Hamilton*, 849 F.Supp. 110, 115 (D. Mass. 1994) (*quoting Elwood v. Pina*, 815 F.2d 173, 177 (1st Cir.1987) (quotations omitted)); *Lyons v. National Car Rental Systems, Inc. (of Delaware)*, 30 F.3d 240, 246 (1st Cir. 1994). To recover under the MCRA, the plaintiff must prove by a preponderance of the evidence that not only were his civil rights violated, but that those rights were interfered with by threats, intimidation or coercion, which is an "essential element" of a claim under the MCRA. *Layne v. Superintendent, Massachusetts Correctional Institution*, 406 Mass. 156, 158 (1989). "The direct violation of a constitutional right does not establish a MCRA violation because 'it is not an attempt to force someone to do something the person is not lawfully required to do.'" *Turkowitz v. Town of Provincetown*, --- F. Supp. 2d ---- , 2012 WL 5354545, 10 (D. Mass. 2012) (*quoting Columbus v. Biggio*, 76 F.Supp.2d 43, 54 (D. Mass.1999)); *see also Gallagher v. Commonwealth*, No. 00–11859–RWZ, 2002 WL 924243, at *3 (D. Mass. March 11, 2002) ("The use of force is not, in itself, coercive within the meaning of the act unless such force is inflicted in order to achieve some further purpose.").

Plaintiff's Amended Complaint is entirely void of facts that allege that Sgt. Det. Keenan threatened, intimidated or coerced Plaintiff in an attempt to force Plaintiff into doing something he was not lawfully required to do. Aside from the initial undercover drug buy, Sgt. Det. Keenan and Plaintiff had no contact or communication. In the Amended Complaint there is nothing to suggest that Sgt. Det. Keenan's actions during the undercover buy amounted to threats, intimidation or coercion. Furthermore, Sgt. Det. Keenan's alleged communications with Attorney Sanders do not amount to threats, intimidation or coercion of Plaintiff. It is not even clear from the alleged statements how those statements to Attorney Sanders amount to an attempt to force Plaintiff into doing something he was not lawfully required to do. Accordingly, Count

VIII of Plaintiff's Amended Complaint must be dismissed for failure to state a claim for violation of the Massachusetts Civil Rights Act.

### IV. Sgt. Det. Keenan is entitled to qualified immunity.

All counts against Sgt. Det. Keenan cannot be maintained because as a government official he is entitled to qualified immunity. "Government officials performing discretionary functions generally are granted a qualified immunity and are 'shielded from liability for civil damages in so far as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *see also Kelley v. LaForce*, 288 F.3d 1, 6 (1st Cir. 2002) (qualified immunity available as defense to §1983 civil liability claims). "The protection of qualified immunity applied regardless of whether the government official's error is a mistake of law, mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (*quoting Groh v. Ramirez*, 540 U.S. 551, 567 (2004)). This doctrine of qualified immunity protects such public officials so that they may act freely "without fear of retributive suit for damages except when they should have understood that particular conduct was unlawful." *Limone v. Condon*, 372 F.3d 39, 44 (1st Cir. 2004) (citations omitted). The qualified immunity determination is to be determined as soon as possible because "[t]he privilege is an immunity from suit rather than a mere defense in liability and, like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Saucier v. Katz*, 533 U.S. 194, 200-201 (2001) (*citing Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

To determine whether an official violated clearly established rights of which a reasonable person would have known, three inquiries are made: 1) "whether the plaintiff's allegations, if true, establish a constitutional violation; 2) whether the constitutional right at issue was clearly established at the time of the alleged violations; and 3) whether a reasonable officer situated similarly would have understood the challenged act or omission to contravene the discerned constitutional right." *Cox v. Hainey*, 391 F.3d 25, 29-30 (1st Cir. 2004).

### A. Malicious prosecution claim in Count I must be dismissed as the law was not clearly established.

To establish a § 1983 claim for malicious prosecution in violation of the Fourth Amendment, a plaintiff must "show a deprivation of liberty, pursuant to legal process, that is consistent with the concept of a Fourth Amendment seizure." *Harrington v. City of Nashua*, 610 F.3d 24, 30 (1st Cir. 2010). "Typically, the alleged deprivation takes 'the form of an arrest warrant (in which case the arrest would constitute the seizure) or a subsequent charging document (in which case the sum of post-arraignment deprivations would comprise the seizure).'" *Moreno-Medina v. Toledo*, 458 Fed.Appx. 4, 6-8, (1st Cir. 2012) (*quoting Nieves v. McSweeney*, 241 F.3d 46, 54 (1st Cir. 2001)). However, this Circuit has not yet definitively ruled as to whether such a claim exits. Rather, this Circuit has merely "assume[d], without deciding" that plaintiffs may assert § 1983 claims for malicious prosecution based on a Fourth Amendment violation. *Moreno-Medina*, 458 Fed.Appx. at 3. Furthermore, this Court has very recently granted dismissals on § 1983 claims for malicious prosecution in violation of the Fourth Amendment on qualified immunity grounds because the law was and still is not clearly established. *See Wilson v. Teves*, 2012 WL 3800847, *1 -2 (D.Mass. 2012). Accordingly, Sgt. Det. Keenan is entitled to qualified immunity on Plaintiff's claim in Count I of the Amended Complaint.

### B. Section 1983 claim in Count IV must be dismissed because Plaintiff failed to establish a constitutional violation.

Sgt. Det. Keenan is entitled to qualified immunity because Plaintiff has failed to factually establish a constitutional violation as has been established throughout this motion. Furthermore, Sgt. Det. Keenan's alleged conduct was that of a similarly situated, reasonable officer. As such, Sgt. Det. Keenan is entitled to qualified immunity and all claims against him must be dismissed at the earliest possible stage.

## CONCLUSION

WHEREFORE, Defendant Donald Keenan respectfully requests that this Honorable Court dismiss with prejudice all claims asserted against him in Plaintiff's Amended Complaint for failure to state a claim for which relief may be granted.

Respectfully submitted,

DEFENDANT DONALD KEENAN

William F. Sinnott,
Corporation Counsel

By his attorneys,

/s/ Michelle K. Hinkley
Michelle K. Hinkley, BBO # 675609
Erika P. Reis, BBO # 669930
Assistants Corporation Counsel
City of Boston Law Department
1 City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-3238 (Hinkley)
(617) 635-4042 (Reis)

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, a copy of this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

5/10/13   /s/ Michelle K. Hinkley
Date       Michelle K. Hinkley

## 7.1 Certification

I hereby certify that on May 9, 2013, I conferred with the Plaintiff's counsel pursuant to Local Rule 7.1 in a good faith effort to resolve or narrow the issues presented in this motion. Despite this conference, the filing of the attached motion is necessary to resolve the issues stated therein.

/s/ Michelle K. Hinkley
Michelle K. Hinkley