**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 13-10208-GAO**

**JEFFREY SOLOMON,**
            **Plaintiff**

**v.**

**ANNIE DOOKHAN, DONALD
KEENAN, KATE CORBETT, JUDY
ANN BIGBY, JOHN AUERBACH,
JULIE NASSIF, LINDA HAN,
CHARLES SALEMI, ELIZABETH
O'BRIEN, DANIEL CONLEY, and
SUFFOLK DISTRICT ATTORNEY'S
OFFICE,**
            **Defendants**

**DEFENDANT DONALD KEENAN'S ANSWER TO PLAINTIFF JEFFREY
SOLOMON'S AMENDED COMPLAINT**

## INTRODUCTION

The first four paragraphs of Plaintiff's Amended Complaint are introductory in nature and do not require an answer from Defendant Donald Keenan (hereinafter, "Keenan"). Assuming that a response is required, Keenan denies the allegations in this introductory paragraphs to the extent that they allege facts or claims that pertain to him. Keenan is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in the introductory paragraphs.

## JURISDICTION

This Paragraph contains statements of jurisdiction and does not require an answer from Keenan.

## PARTIES

1. Keenan admits the allegations in Paragraph one of the Amended Complaint to the extent they allege that Plaintiff's name is Jeffrey Solomon and that he is also known as Jeffrey Banks.  Keenan is without sufficient information to admit or deny the remaining allegations in Paragraph one and, therefore, neither admits nor denies those allegations.

2. Keenan admits the allegations in the first sentence of Paragraph two of the Amended Complaint to the extent they allege that Annie Dookhan was a chemist employed by the Commonwealth of Massachusetts Department of Public Health. Keenan is without sufficient knowledge or information to admit or deny the remaining allegations in the first sentence and the allegations in the second sentence of Paragraph two and, therefore, neither admits nor denies those allegations.

3. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph three of the Amended Complaint and, therefore, neither admits nor denies those allegations.

4. Keenan admits the allegations in Paragraph four of the Amended Complaint.

5. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph five of the Amended Complaint and, therefore, neither admits nor denies those allegations.

6. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph six of the Amended Complaint and, therefore, neither admits nor denies those allegations.

7.   Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph seven of the Amended Complaint and, therefore, neither admits nor denies those allegations.

8.   Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph eight of the Amended Complaint and, therefore, neither admits nor denies those allegations.

9.   Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph nine of the Amended Complaint and, therefore, neither admits nor denies those allegations.

10.  Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph ten of the Amended Complaint and, therefore, neither admits nor denies those allegations.

11.  Keenan admits the allegations in the first sentence of Paragraph eleven of the Amended Complaint. Keenan is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph eleven of the Amended Complaint and, therefore, neither admits nor denies those allegations.

## FACTS

12.  Keenan admits the allegations in Paragraph twelve of the Amended Complaint.

13.  Keenan admits the allegations in Paragraph thirteen of the Amended Complaint.

14.  Keenan denies the allegations in Paragraph fourteen of the Amended Complaint.

15.  Keenan admits the allegations in the second sentence of Paragraph fifteen of the Amended Complaint to the extent they allege that Dookhan was a chemist and Hinton employee. Keenan is without sufficient knowledge or information to admit or deny the

remaining allegations in Paragraph fifteen and, therefore, neither admits nor denies those allegations.

16. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph sixteen of the Amended Complaint and, therefore, neither admits nor denies those allegations.

17. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph seventeen of the Amended Complaint and, therefore, neither admits nor denies those allegations.

18. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph eighteen of the Amended Complaint and, therefore, neither admits nor denies those allegations.

19. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph nineteen of the Amended Complaint and, therefore, neither admits nor denies those allegations.

20. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph twenty of the Amended Complaint and, therefore, neither admits nor denies those allegations.

21. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph twenty-one of the Amended Complaint and, therefore, neither admits nor denies those allegations.

22. Keenan admits the allegations in the first sentence of Paragraph twenty-two of the Amended Complaint to the extent that they allege that two drug certificates issued certifying that the substances submitted by Keenan were cocaine. Keenan is without

4

sufficient knowledge or information to admit or deny the remaining allegations in the first sentence and the allegations in the second sentence of Paragraph twenty-two and, therefore, neither admits nor denies those allegations.

23. Keenan admits the allegations in Paragraph twenty-three of Amended Complaint with the exception of the alleged date on which the meeting took place, of which Keenan is without sufficient knowledge or information to admit or deny that allegation and, therefore, neither admits nor denies that allegation.

24. Keenan admits the allegations in the first sentence of Paragraph twenty-four of the Amended Complaint to the extent that they allege that he produced substances. However, Keenan is without sufficient knowledge or information to admit or deny the allegation that he produced two bags and, therefore, neither admits nor denies that allegation. Keenan also admits the allegations in the second sentence of Paragraph twenty-four to the extent it alleges that Attorney Sanders inspected the substances. However, Keenan is without sufficient knowledge or information to admit or deny the remaining allegations in the second sentence of Paragraph twenty-four and, therefore, neither admits nor denies those allegations.

25. Keenan denies the allegations in Paragraph twenty-five of the Amended Complaint.

26. Keenan admits the allegations in the first sentence of Paragraph twenty-six of the Amended Complaint to the extent it alleges that he spoke with Attorney Sanders. However, Keenan denies the characterization in the first sentence of Paragraph twenty-six that he spoke "privately" with Attorney Sanders. Keenan denies the allegations in the second sentence of Paragraph twenty-six.

27. Keenan admits the allegations in Paragraph twenty-seven of the Amended Complaint to the extent they allege that he told Attorney Sanders that Solomon had been around a long time. Keenan denies the remaining allegations in Paragraph twenty-seven.

28. Keenan admits the allegations in Paragraph twenty-eight of the Amended Complaint.

29. Keenan denies the allegation in the first sentence of Paragraph twenty-nine of the Amended Complaint. Keenan admits the allegation in the second sentence of Paragraph twenty-nine that he testified that crack cocaine can be homemade. However, Keenan denies the remaining allegations in the second sentence of Paragraph twenty-nine. Keenan admits the allegations in the third sentence of Paragraph twenty-nine to the extent they allege that he testified that the preliminary field testing showed no initial color change consistent with cocaine and that he later viewed the substance observing that there was a color change consistent with the presence of cocaine. Keenan denies the allegations in the third sentence of Paragraph twenty-nine to the extent they allege that he falsely testified and that he testified that he observed the substance "at an undisclosed date."

30. Keenan admits the allegations in Paragraph thirty of the Amended Complaint to the extent that they allege that at the request of the District Attorney's Office, he introduced two certificates to the grand jury. Keenan is without sufficient knowledge or information to admit or deny that the allegations that the certificates were "false" and that the certificates were signed by Dookhan and Corbett and, therefore, neither admits nor denies those allegations.

31. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph thirty-one of the Amended Complaint to the extent that they allege that the

jury issued the indictment "based on the evidence presented" and the mandatory sentences associates with the charges listed. Keenan admits the remaining allegations in Paragraph thirty-one.

32. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph thirty-two of the Amended Complaint and, therefore, neither admits nor denies those allegations.

33. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph thirty-three of the Amended Complaint and, therefore, neither admits nor denies those allegations.

34. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph thirty-four of the Amended Complaint and, therefore, neither admits nor denies those allegations.

35. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph thirty-five of the Amended Complaint and, therefore, neither admits nor denies those allegations.

36. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph thirty-six of the Amended Complaint and, therefore, neither admits nor denies those allegations.

37. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph thirty-seven of the Amended Complaint and, therefore, neither admits nor denies those allegations.

38. Keenan admits the allegations in Paragraph thirty-eight of the Amended Complaint to the extent they allege that the Commonwealth filed a *nolle prosequi* in its case against the

Plaintiff. Keenan is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph thirty-eight and, therefore, neither admits nor denies those allegations.

39. Keenan admits the allegations in Paragraph thirty-nine of the Amended Complaint to the extent they allege that Dookhan was indicted. Keenan is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph thirty-nine and, therefore, neither admits nor denies those allegations.

40. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty of the Amended Complaint and, therefore, neither admits nor denies those allegations.

41. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-one of the Amended Complaint and, therefore, neither admits nor denies those allegations.

42. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-two of the Amended Complaint and, therefore, neither admits nor denies those allegations.

43. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-three of the Amended Complaint and, therefore, neither admits nor denies those allegations.

44. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-four of the Amended Complaint and, therefore, neither admits nor denies those allegations.

45. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-five of the Amended Complaint and, therefore, neither admits nor denies those allegations.

46. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-six of the Amended Complaint and, therefore, neither admits nor denies those allegations.

47. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-seven of the Amended Complaint and, therefore, neither admits nor denies those allegations.

48. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-eight of the Amended Complaint and, therefore, neither admits nor denies those allegations.

    a. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-eight(a) of the Amended Complaint and, therefore, neither admits nor denies those allegations.

    b. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-eight(b) of the Amended Complaint and, therefore, neither admits nor denies those allegations.

    c. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-eight(c) of the Amended Complaint and, therefore, neither admits nor denies those allegations.

d.  Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-eight(d) of the Amended Complaint and, therefore, neither admits nor denies those allegations.

e.  Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-eight(e) of the Amended Complaint and, therefore, neither admits nor denies those allegations.

f.  Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-eight(f) of the Amended Complaint and, therefore, neither admits nor denies those allegations.

g.  Keenan denies the allegations in Paragraph forty-eight(g) of the Amended Complaint to the extent that they pertain to him. Keenan is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph forty-eight(g) and, therefore, neither admits nor denies those allegations.

h.  Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-eight(h) of the Amended Complaint and, therefore, neither admits nor denies those allegations.

i.  Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-eight(i) of the Amended Complaint and, therefore, neither admits nor denies those allegations.

j.  Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-eight(j) of the Amended Complaint and, therefore, neither admits nor denies those allegations.

k.  Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-eight(k) of the Amended Complaint and, therefore, neither admits nor denies those allegations.

l.  Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-eight(l) of the Amended Complaint and, therefore, neither admits nor denies those allegations.

m.  Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-eight(m) of the Amended Complaint and, therefore, neither admits nor denies those allegations.

n.  Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-eight(n) of the Amended Complaint and, therefore, neither admits nor denies those allegations.

o.  Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-eight(o) of the Amended Complaint and, therefore, neither admits nor denies those allegations.

p.  Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-eight(p) of the Amended Complaint and, therefore, neither admits nor denies those allegations.

q.  Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-eight(q) of the Amended Complaint and, therefore, neither admits nor denies those allegations.

r.   Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-eight(r) of the Amended Complaint and, therefore, neither admits nor denies those allegations.

s.   Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-eight(s) of the Amended Complaint and, therefore, neither admits nor denies those allegations.

t.   Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-eight(t) of the Amended Complaint and, therefore, neither admits nor denies those allegations.

u.   Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-eight(u) of the Amended Complaint and, therefore, neither admits nor denies those allegations.

v.   Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-eight(v) of the Amended Complaint and, therefore, neither admits nor denies those allegations.

w.   Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-eight(w) of the Amended Complaint and, therefore, neither admits nor denies those allegations.

x.   Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-eight(x) of the Amended Complaint and, therefore, neither admits nor denies those allegations.

y.   Keenan denies the allegations in Paragraph forty-eight(y) to the extent that they pertain to him. Keenan is without sufficient knowledge or information to admit or

deny the remaining allegations in Paragraph forty-eight(y) and, therefore, neither admits nor denies those allegations.

    z.   Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-eight(z) of the Amended Complaint and, therefore, neither admits nor denies those allegations.

49. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph forty-nine of the Amended Complaint and, therefore, neither admits nor denies those allegations.

50. Keenan admits the allegations in Paragraph fifty of the Amended Complaint.

51. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph fifty-one of the Amended Complaint and, therefore, neither admits nor denies those allegations.

52. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph fifty-two of the Amended Complaint and, therefore, neither admits nor denies those allegations.

53. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph fifty-three of the Amended Complaint and, therefore, neither admits nor denies those allegations.

54. Keenan is without sufficient knowledge or information to admit or deny the allegations in Paragraph fifty-four of the Amended Complaint and, therefore, neither admits nor denies those allegations.

55. Keenan denies the allegations in Paragraph fifty-five of the Amended Complaint to the extent they pertain to him. Keenan further denies that he caused Plaintiff to suffer

damages. Keenan is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph fifty-five and, therefore, neither admits nor denies those allegations.

## CLAIMS

### COUNT I:
**VIOLATIONS OF RIGHTS SECURED BY THE FOURTH AMENDMENT**
(42 U.S.C. § 1983 – DEFENDANT KEENAN)

56. Keenan restates his answers in the above Paragraphs one through fifty-five and incorporates them herein by reference.

57. Keenan admits the allegations in Paragraph fifty-seven of the Amended Complaint to the extent that they allege that he acted under color of state law and that the prosecution ultimately terminated in Plaintiff's favor. Keenen denies the remaining allegations in Paragraph fifty-seven.

58. Keenan denies the allegations in Paragraph fifty-eight of the Amended Complaint.

### COUNT II:
**VIOLATIONS OF RIGHTS SECURED BY THE DUE PROCESS CLAUSE
FOURTHEENTH AMENDMENT**
(42 U.S.C. § 1983 – DEFENDANTS DOOKHAN AND CORBETT)

59. Keenan restates his answers in the above Paragraphs one through fifty-eight and incorporates them herein by reference.

60. The allegations in Paragraph sixty of the Amended Complaint are not asserted against Keenan and, as such, no response is required of him.

61. The allegations in Paragraph sixty-one of the Amended Complaint are not asserted against Keenan and, as such, no response is required of him.

**COUNT III:**
**VIOLATIONS OF RIGHTS SECURED BY THE DUE PROCESS CLAUSE OF THE**
**FOURTEENTH AMENDMENT**
(42 U.S.C. § 1983 – DEFENDANT DOOKHAN)

62. Keenan restates his answers in the above Paragraphs one through sixty-one and incorporates them herein by reference.

63. The allegations in Paragraph sixty-three of the Amended Complaint are not asserted against Keenan and, as such, no response is required of him.

64. The allegations in Paragraph sixty-four of the Amended Complaint are not asserted against Keenan and, as such, no response is required of him.

**COUNT IV:**
**VIOLATIONS OF RIGHTS SECURED BY THE DUE PROCESS CLAUSE OF THE**
**FOURTEENTH AMENDMENT**
(42 U.S.C. § 1983 – DEFENDANT KEENAN)

65. Keenan restates his answers in the above Paragraphs one through sixty-four and incorporates them herein by reference.

66. Keenan admits the allegations in Paragraph sixty-six of the Amended Complaint to the extent that they allege that he acted under color of state law. Keenan denies the remaining allegations in Paragraph sixty-six.

67. Keenan denies the allegations in Paragraph sixty-seven.

**COUNT V:**
**VIOLATIONS OF RIGHTS SECURED BY THE DUE PROCESS CLAUSE OF THE**
**FOURTEENTH AMENDMENT**
(42 U.S.C. § 1983 – DEFENDANTS DOOKHAN AND CORBETT)

68. Keenan restates his answers in the above Paragraphs one through sixty-seven and incorporates them herein by reference.

69. The allegations in Paragraph sixty-nine of the Amended Complaint are not asserted against Keenan and, as such, no response is required of him.

70. The allegations in Paragraph seventy of the Amended Complaint are not asserted against Keenan and, as such, no response is required of him.

## COUNT VI:
## VIOLATIONS OF RIGHTS SECURED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT
### (42 U.S.C. § 1983 – DEFENDANTS BIGBY, AUERBACH, NASSIF, HAN, SALEMI AND O'BRIEN)

71. Keenan restates his answers in the above Paragraphs one through seventy and incorporates them herein by reference.

72. The allegations in Paragraph seventy-two of the Amended Complaint are not asserted against Keenan and, as such, no response is required of him.

73. The allegations in Paragraph seventy-three of the Amended Complaint are not asserted against Keenan and, as such, no response is required of him.

74. The allegations in Paragraph seventy-four of the Amended Complaint are not asserted against Keenan and, as such, no response is required of him.

## COUNT VII:
## VIOLATIONS OF RIGHTS SECURED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT
### (42 U.S.C. § 1983 – DFENDANTS CONLEY AND SUFFOLK COUNTY DISCTRICT ATTORNEY'S OFFICE)

75. Keenan restates his answers in the above Paragraphs one through seventy-four and incorporates them herein by reference.

76. The allegations in Paragraph seventy-six of the Amended Complaint are not asserted against Keenan and, as such, no response is required of him.

77. The allegations in Paragraph seventy-seven of the Amended Complaint are not asserted against Keenan and, as such, no response is required of him.

## <u>COUNT VIII</u>:
## VIOLATION OF M.G.L. c. 12 § 111 (*sic*) BY DEFENDANT KEENAN

78. Keenan restates his answers in the above Paragraphs one through seventy-seven and incorporates them herein by reference.

79. Keenan denies the allegations in Paragraph seventy-nine of the Amended Complaint.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's injuries and or damages, if any, were proximately caused by his own negligent or intentional conduct and/or by the conduct of others, and not by the conduct of Keenan.

### THIRD AFFIRMATIVE DEFENSE

Keenan, at all times, acted in good faith upon reasonable belief and that his actions were in accordance with the Constitution and laws of the United States and the Commonwealth of Massachusetts.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is by his own acts, omissions, or negligence estopped from asserting any claims against Keenan.

### FIFTH AFFIRMATIVE DEFENSE

Keenan's acts and conduct were performed according to, and protected by, law and/or legal process and, therefore, the Plaintiff cannot recover.

### SIXTH AFFIRMATIVE DEFENSE

Keenan is immune from suit as he was engaging in discretionary functions.

SEVENTH AFFIRMATIVE DEFENSE

None of Keenan's acts or omissions were a proximate cause of injuries or damages, if any, allegedly sustained by the Plaintiff.  Nor were these alleged injuries or damages caused by any person or entity within Keenan's responsibility or control.

EIGHTH AFFIRMATIVE DEFENSE

Keenan is immune from suit because his actions are protected by the doctrine of qualified immunity.

NINTH AFFIRMATIVE DEFENSE

Plaintiff has not been deprived of any rights secured by either the Constitution, the laws of the United States or of the Commonwealth of Massachusetts.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches and /or the statute of limitations.

ELEVENTH AFFIRMATIVE DEFENSE

Keenan is immune from suit because police officers are immune from claims of perjury.

**DEMAND FOR JURY TRIAL**

Defendant, Donald Keenan demands a trial by jury on all issues so triable.

Respectfully submitted,

DEFENDANT DONALD KEENAN

**CERTIFICATE OF SERVICE**

William F. Sinnott,
Corporation Counsel

I hereby certify that on this day, a copy of
this document filed through the CM/ECF
system will be sent electronically to the
registered participants as identified on the
Notice of Electronic Filing and paper
copies will be sent to those indicated as
non-registered participants.

By his attorneys,

/s/ Michelle K. Hinkley
Michelle K. Hinkley, BBO # 675609
Erika P. Reis, BBO # 669930
Assistants Corporation Counsel
City of Boston Law Department
1 City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-3238 (Hinkley)
(617) 635-4042 (Reis)
Michelle.Hinkley@boston.gov
Erika.Reis@boston.gov

1/30/14  /s/ Michelle K. Hinkley

Date       Michelle K. Hinkley