UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JEFFREY SOLOMON, | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | Civil Action No. 13-10208-IT |
| ANNIE DOOKHAN, | | |
| Defendant. | | |

**REPORT AND RECOMMENDATION**
**TO DISMISS CASE FOR LACK OF PROSECUTION**

November 6, 2015

Boal, M.J.

On February 4, 2013, Jeffrey Solomon ("Solomon") filed a complaint against numerous defendants alleging violations of his constitutional rights under 42 U.S.C. § 1983.[1] He caused a summons to be served on defendant Annie Dookhan ("Dookhan") on February 21, 2013, and an answer was due on March 14, 2013. Dkt. No. 4. Dookhan did not file a response to the complaint. On January 28, 2014, the Court ordered all parties who had not yet answered the complaint to do so within ten days. Dkt. No. 117. Once again, Dookhan did not file a response.

By March 4, 2015, Solomon and all defendants, but Dookhan, had entered into a stipulation of dismissal. Accordingly, Annie Dookhan is the only defendant remaining in the case. On August 10, 2015, the Court ordered Solomon to file a status report indicating whether he planned to move for default against Dookhan. Dkt. No. 174. Solomon did not file a status

---

[1] On July 11, 2014, the District Judge assigned to this case referred this matter to the undersigned United States Magistrate Judge for full pretrial proceedings. Dkt. No. 142.

1

report.  Accordingly, on October 13, 2015, the Court ordered Solomon to show cause, by October 26, 2015, why his action should not be dismissed for lack of prosecution as to Dookhan. Dkt. No. 175.  Yet again, Solomon did not respond to the Court's order.

For the reasons discussed below, this Court recommends that the District Court dismiss the case for lack of prosecution.

## I.   Dismissal For Lack Of Prosecution

Although the First Circuit has a strong policy favoring the disposition of a case on the merits, see Richman v. General Motors Corp., 437 F.2d 196, 199 (1st Cir. 1971), a court does have the inherent power to both manage its own docket and dismiss a case sua sponte for lack of prosecution.  Cintron-Lorenzo v. Dept. De Asuntos Del Consumidor, 312 F.3d 522, 525 (1st Cir. 2002).  See also Jones v. New York City Police Officers, No. 92-8269, 1993 WL 302632 (S.D.N.Y. Aug. 4, 1993) (dismissal appropriate where plaintiff failed to appear at two scheduling conferences after he was warned he faced dismissal if he did not appear at the second conference); Bal v. Kaplan Inc., No. 01-0570, 2001 WL 969053 (N.D. Cal. Aug. 20, 2001); Ntim v. Reddy, No. 09-2032, 2009 WL 1858259 (C.D. Ill. June 24, 2009); Issa v. Gristedes Supermarkets, No. 05-3654, 2005 WL 2605581 (S.D.N.Y. Oct. 14, 2005).

While the Court recognizes that dismissal is a drastic remedy, other than service, Solomon has taken no apparent steps to prosecute his case against Dookhan.  Furthermore, Solomon failed to respond to two separate Court orders requesting clarification regarding his intention with respect to this case.  Solomon was specifically ordered to show cause as to why the action should not be dismissed for lack of prosecution, and he failed to do so.  The matter has come to a complete halt and dismissal is appropriate.

This Court further recommends that the dismissal for lack of prosecution be with prejudice.  A district court's authority to dismiss a case with prejudice for want of prosecution is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of a defendant.  Sherlock v. Stancato, C.A. No. 10-11703, 2014 WL 462961, at *4 (D. Mass. Feb. 4, 2014).  Dismissal with prejudice is appropriate "when a plaintiff's misconduct is particularly egregious or extreme."  Ortiz-Anglada v. Ortiz-Perez, 183 F.3d 65, 66-67 (1st Cir. 1999) (citing Benjamin v. Aroostock Med. Center, Inc., 57 F.3d 101, 107 (1st Cir. 1995)).  Cases dismissed with prejudice typically involve "extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance."  Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987).  Further, a court need not exhaust milder sanctions before resorting to dismissal when a noncompliant litigant has disregarded court orders and has been suitably forewarned.  Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 7 n. 4 (1st Cir. 2002).  Here, Solomon has ignored multiple court orders and has had ample opportunity to pursue his claims against Dookhan over the course of the more than two and a half years that this case has been pending in this court.

Accordingly, this Court recommends that the District Court dismiss this case with prejudice for lack of prosecution.

## II.     Review By District Judge

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such

objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital,199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

  /s/ Jennifer C. Boal  
JENNIFER C. BOAL  
UNITED STATES MAGISTRATE JUDGE