UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JEFFREY SOLOMON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 13-cv-10208-IT |
| ANNIE DOOKHAN, | * | |
| | * | |
| Defendant. | * | |

Memorandum and Order

November 23, 2015

TALWANI, D.J.

The November 6, 2015 Report and Recommendation to Dismiss Case for Lack of Prosecution [#176] ("Report and Recommendation") detailed plaintiff's failure: (1) to prosecute this action as to defendant Annie Dookhan, (2) to respond to a court order directing him to report whether he planned to move for default as to Dookhan, and (3) to respond to a subsequent order to show cause why his action should not be dismissed for lack of prosecution. The magistrate judge recommended that the case be dismissed for lack of prosecution, and that such dismissal be with prejudice in light of plaintiff having had ample opportunity to pursue his claims against Dookhan over the course of the more than two and a half years that this case has been pending in this court and his failure to respond to court orders.

Plaintiff filed no objections and has offered no explanation for the failure to comply with court orders. Instead, plaintiff filed his Motion to Dismiss [#177] pursuant to Federal Rule of Civil Procedure 41(a)(1). Rule 41(a)(1) allows a plaintiff to dismiss an action without obtaining the consent of the district court by filing a notice of dismissal before the defendant has answered

or moved for summary judgment. The court construes the Motion to Dismiss as a notice of dismissal. A notice of dismissal is effective upon filing.

Accordingly, although the court agrees with the Report and Recommendation in all respects, including that plaintiff's lack of prosecution and failure to obey court orders warrants dismissal with prejudice, the subsequently filed Motion to Dismiss is treated as a Notice of Voluntary Dismissal, and ends this action before the court has had an opportunity to adopt the Report and Recommendation.

Counsel should not conclude, however, that such maneuvers are an appropriate way to respond to court orders. Instead, such maneuvers suggest only that the court may need to include in its orders to show cause a directive asking why counsel should not be sanctioned or held in contempt for failing to obey court orders. The court would then retain jurisdiction over subsequent contempt or sanctions proceedings despite the filing of a voluntary dismissal of the action by their client. See e.g. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 398 (1990) (petitioner's voluntary dismissal did not divest the District Court of jurisdiction to consider respondents' Rule 11 motion).

For the foregoing reasons:

(1)    the Motion to Dismiss is construed as a Notice of Voluntary Dismissal; and

(2)    plaintiff's action against Annie Dookhan is thereby dismissed without further action by the court.

IT IS SO ORDERED

November 23, 2015                                        /s/ Indira Talwani
                                                         United States District Judge